# H. C. Murrah, Appellant, v. A. L. Russell and R. E. Holmes, Executors, Appellees.

## (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

## Statement of the Case.

Action by H. C. Murrah against A. L. Russell and R. E. Holmes as executors of the will of W. S. Blackman, deceased, on a claim against the estate. From a judgment for defendants, plaintiff appeals.

Plaintiff was on June 9, 1899, then and had been conducting a school, known as Creal Springs College and Conservatory of Music. On this day the college by its so-called president and secretary, executed a note for $1,256.20 with seven per cent. interest from date, payable on the 20th day of July, 1899, to H. C. Murrah. Said note was secured by chattel mortgage on personal property belonging to the institution. July 25, 1899, five days after the maturity of the note, this note and mortgage were placed in the hands of the attorney for mortgagee, who took possession of the property and began a foreclosure. At that time the deceased, W. S. Blackman, and J. S. Heaton executed a note for the sum of $400, which said note was applied on the satisfaction of the original note and mortgage. This last mentioned note of $400, dated July 25, 1899, to H. C. Murrah is the basis of this controversy. Nothing was paid on this note by either Blackman or Heaton, but on the 15th day of July, 1909, there was a credit indorsed on the back of this note of the sum of $5.

Mrs. Gertrude B. Murrah, wife of claimant, was the only witness to this transaction. She said that between Blackman and herself there was a business transaction in and by which as surety she had paid for Blackman $20 interest and had received from Blackman and given him credit for the amount so paid prior to her visit to him at Carrier Mills, July 15, 1909, with the note in question for the purpose of collecting or renewing the same. While she was in Carrier Mills she wanted a new note from Blackman, and he suggested that he would make an indorsement of $5 credit thereon, and authorized her to do so, which she did. The deceased never paid any money in pursuance of this indorsement. The witness suggested to deceased that she would take $5 from what deceased had sent her in satisfaction of what was due her and pay it to her husband, which she said she did, but did not fix any time when she paid him.

Plaintiff testified in the County Court that this note was a gift by deceased and Heaton. He was not present and did not testify in the Circuit Court. Defendant contended that this note was in the nature of a gift or a promise to give.

WILLIAM H. WARDER, for appellant; A. G. ABNEY, of counsel.

W. F. SCOTT, for appellees.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 55*—*when consideration sufficient.* A note given by a third person direct to a creditor of a college and intended

as a gift to the college, and accepted by the creditor as so much cash, is based upon a sufficient consideration.

2. APPEAL AND ERROR, § 1325*—*when presumptions in favor of findings.* The same presumptions follow the finding of the court that follow the verdict of a jury as to question of fact.

3. APPEAL AND ERROR, § 1325*—*when court presumed to have considered only competent evidence.* It will be presumed that a court in coming to a conclusion as to a finding of fact, considers only competent testimony.

4. WITNESSES, § 39*—*when wife incompetent.* A wife who acts as an agent of her husband in securing the renewal of a note is an incompetent witness in an action by the husband involving the note, where the husband is disqualified because of the fact that he is a party in interest.